### F. EBERLING V. JOSEPH SCHNEIDER.

(No. 3577.)

TRESPASS TO TRY TITLE.

EVIDENCE, CONFLICTING.

JUDGMENT OF COURT BELOW entitled to same consideration as the verdict of a jury.

APPEAL from Guadalupe county. Opinion by WATTS, J.

STATEMENT.— F. Eberling, the appellant and defendant in the court below, in February, 1869, purchased of Joseph Dwyer the northeastern portion of survey 91, in the name of Josefa Leal, his northwestern boundary line of said Josefa Leal, No. 91. He took possession of his land and put a portion of it, close to the northwestern boundary line, in field.

The plaintiff below, Joseph Schneider, purchased about June, 1869, the Santos Coy survey, No. 93, having the Josefa Leal survey bounding it on the southeastward, so that the Santos Coy and Josefa Leal have one line in com-

47

mon. Schneider also took possession of his land, building his house close to the northwestern boundary of his land. The patent in describing the Santos Coy survey begins on the northeast corner of survey 92, the southeast corner of the Santos Coy, thence south sixty degrees, west one thousand three hundred and fifteen varas, to the northeast corner of survey 91, three thousand and forty-nine varas to a branch, three thousand six hundred and six varas to the southwest corner of this survey (Santos Coy), a stake set on the northwest boundary line of survey No. 91 (Josefa Leal).

Schneider claimed the boundary line between them to run where it would give him one hundred and forty-five acres of land now in Eberling's possession. As Eberling would not yield, Schneider filed his suit against Eberling, an action of trespass to try title, and died during its pendency. Caroline Schneider suggested his death and as administratrix of his estate prosecuted the suit. The petition contained the usual allegations of trespass to try title and prayed for an order of survey. The court appointed A. M. Erskine to survey the land and he did so. Defendant, Eberling, pleaded a demurrer and special exceptions as to plaintiff's vague description of the land, pleaded not guilty, and denied all allegations of plaintiff; then described the land owned by himself, defendant, claiming as his northwestern boundary the line run by Chas. P. Smith, surveyor, etc.; pleaded three years' limitation under title and color of title, the statute of five years' limitation, and that plaintiff paid no tax. Eberling then suggested improvements in good faith to the value of $500. Objections to the surveyor's report were also filed charging, among other things, that Erskine's survey places the line between Schneider and Eberling by about four hundred varas too far southward. Plaintiff amended her petition several times as to the description of the land sued for, describing it at last in Exhibit A. as containing one hundred and fifty-two and one-tenth acres.

The cause was tried before the court and resulted in a judgment for plaintiff substantially as follows, to wit: That plaintiff recover of defendant the land described in plaintiff's petition, vesting title in plaintiff; that defendant recover of plaintiff $460, value of improvements on land adjudged to plaintiff; that plaintiff recover all costs. Defendant excepted and gave notice of appeal and assigned as errors: 1st. The court erred in rendering the judgment that was rendered in this cause. 2d. The proof exhibits but one natural or fixed object from which could be ascertained, etc. 3d. The proof on the whole case shows that the judgment should have been for the defendant.

OPINION.— This suit is with respect to the true boundary or division line between the Santos Coy survey, No. 93, patented August 12, 1844, and the Josefa Leal survey, No. 91, patented May 20, 1846.

The evidence adduced on the trial was conflicting. In this conflict of evidence the court below, sitting as a jury, determined the credibility of the witnesses against the appellant, and this determination is entitled to the same consideration and weight as would the finding of a jury upon the same question. A thorough examination of the record fails to disclose anything that would authorize us to disregard the finding of the court as to the credibility of the witnesses or in holding that the judgment was not fully sustained by the evidence.

AFFIRMED.